IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| vs. | : 5:92CR45 (DF) |
| | : |
| REGINALD WILLIAMS. | : |

## O R D E R

Defendant was sentenced to 24 months in the custody of the Bureau of Prisons for violating the terms of his supervised release.  *See* Tab 248, Amended Judgment.  The basis for revoking Defendant's supervised release was found in paragraphs one and two of the Petition for Action on Supervised Release.  The petition alleged and Defendant admitted[1] committing the offenses of terroristic threats and influencing witness interference (count one) and the offenses of false imprisonment, battery/sexual battery, and burglary (count two).  Defendant made these admissions during the hearing held on the revocation petition on October 13, 2004.[2]  Since that date, the Bibb County District Attorney has dismissed the charges alleged in count one and nolle prossed all the charges in count two except the charge of burglary, to which Defendant pleaded guilty.  See Tab 249, Def.'s Mot. Ex. 2, 3.

---

[1] Defendant states that he was induced by counsel to admit the commission of these offenses. However, there are no specific allegations of ineffective assistance of counsel for the Court to address at this time.  Furthermore, Defendant's argument that he was induced into admitting guilty is also undermined by his guilty plea to the burglary charge, which is a sufficient basis alone for the revocation of supervised release.

[2] Defendant stated that he admitted the state charges during a bench trial.  The Court held a hearing on the Petition for Action on Supervised Release, no trial was held.

Defendant argues that because four of the five charges against him have been dropped or dismissed his sentence should be reduced. The shortcoming in Defendant's argument, however, is that a sentence of 24 months is an appropriate sentence for his guilty plea to the charge of burglary alone. Specifically, burglary is a grade A violation under USSG § 7B1.1(a)(1). Based on Defendant's criminal history category of III, which is determined by his criminal history category at the time of his originally sentencing, and because his original sentence was for a Grade B felony, the revocation table provides a sentencing range of 18-24 months. *See* USSG § 7B1.4(a). The only other restriction on the sentence to be imposed is that it may not exceed the maximum term of imprisonment authorized by statute. *See* USSG § 7B1.4(b)(3)(A). The statutorily prescribed maximum sentence for this offense is 36 months. *See* 18 U.S.C.A. § 3583(e)(3) (West 2005). Consequently, the 24 month sentence imposed by the Court is correct, fit the seriousness of the offense of burglary, and will not be amended at this time.

SO ORDERED, this 13th day of June, 2005.

**s/ Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has